UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Leroy Erwin, *formerly* # 051231, *aka Ralph L. Erwin*,<br><br>       Petitioner,<br><br>vs.<br><br>State of South Carolina,<br><br>       Respondent.<br>_____ | ) C/A No. 6:11-1070-RBH-KFM<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## *Background of this Case*

Petitioner is a resident of Spartanburg, South Carolina. On March 24, 1961, in the Court of General Sessions for York County, Petitioner pled guilty to murder and was sentenced to life in prison. Petitioner is currently "on parole" with respect to his life sentence.

Petitioner raises two grounds in the Petition. Those grounds are: *(I)* statute of limitations has "run out" on sentence; and *(II)* cruel and unusual punishment. Petitioner discloses that he has a pending post-conviction case in the Court of Common Pleas for York County (Case No. 2009-CP-46-4556).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition and the Form AO 240 (Motion for Leave to Proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus

his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction and sentence, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241).

In *Ralph L. Erwin v. State of South Carolina*, Civil Action No. 6:07-0959-RBH-WMC, Petitioner on April 10, 2007, brought a habeas corpus action to challenge his conviction and sentence for murder entered in the Court of General Sessions for York County on March 24, 1961. In an order filed in Civil Action No. 6:07-0959-RBH-WMC on May 9, 2007, the Honorable William M. Catoe, United States Magistrate Judge, authorized service of process. On August 28, 2007, Petitioner filed his own motion for summary judgment.

After receiving an extension of time, the Office of the Attorney General of the State of South Carolina on August 31, 2007, filed a return, memorandum, and motion for summary judgment. Magistrate Judge Catoe on September 4, 2007, issued a *Roseboro*

order to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner's initial response to the motion for summary judgment was filed on the same day as the *Roseboro* order. Petitioner on September 20, 2007, filed his second response to the *Roseboro* order.

In a Report and Recommendation filed in Civil Action No. 6:07-0959-RBH-WMC on January 7, 2008, Magistrate Judge Catoe recommended that Respondent's motion for summary judgment be granted and that Petitioner's motion for summary judgment be denied. The parties in Civil Action No. 6:07-0959-RBH-WMC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Copies of the Report and Recommendation were mailed by the Clerk's Office to Petitioner at his original address listed on the petition and later to his then-new address. No objections were filed.

In an Order filed in Civil Action No. 6:07-0959-RBH-WMC on February 28, 2008, the Honorable R. Bryan Harwell, United States District Judge, adopted the Report and Recommendation. No appeal was filed in Civil Action No. 6:07-0959-RBH-WMC.

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 6:07-0959-RBH-KFM was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 6:11-1070-RBH-KFM) is successive.

Ground I (statute of limitations has "run out" on life sentence) of the Petition in the above-captioned case was raised as Ground IV in the petition filed in Civil Action No. 6:07-0959-RBH-KFM. Moreover, although Ground II (cruel and unusual punishment) of the Petition in the above-captioned case was not enumerated as a separate ground in the petition filed in Civil Action No. 6:07-0959-RBH-KFM, Petitioner clearly had the opportunity to raise it in Civil Action No. 6:07-0959-RBH-KFM. *See Briley v. Booker*, 746 F.2d 225, 227 (4th Cir. 1984) (citing *Woodard v. Hutchins*, 464 U.S. 377 (1984)).

This court may take judicial notice of Civil Action No. 6:07-0959-RBH-KFM. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit

4

is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.


May 11, 2011                                           s/Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).